**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MIKE GHIAS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:22-cv-02808-PX |
| SIRNAOMICS, INC., *et al.*, | * | |
| Defendants. | | |

***

**MEMORANDUM OPINION**

Pending before the Court are Plaintiffs' motion to remand (ECF No. 15) and Defendants' motion to dismiss (ECF No. 18).  The motions are fully briefed, and no hearing is necessary.  *See* Loc. R. 105.6.  For the following reasons, the Court GRANTS Plaintiffs' motion to remand. Further, to the extent Defendants separately move for dismissal of the Complaint based solely on alleged failure to comply with the Federal Rules of Civil Procedure, the Court DENIES the motion to dismiss as MOOT, and REMANDS this case to the Circuit Court for Montgomery County for all further proceedings.

## I.   Background

Plaintiffs Mike and Ashgar Ghias were shareholders in Defendant Sirnaomics, Inc. ("Sirnaomics"), a biopharmaceutical company.  ECF No. 2 ¶¶ 8–9.  In October 2020, Sirnaomics, Ltd. was formed as part of a corporate restructuring of Sirnaomics to facilitate an initial public offering.  *Id.* ¶¶ 10–12.  Defendants purportedly represented to Plaintiffs and other shareholders of Sirnaomics that, if they agreed to exchange their shares in Sirnaomics for shares in Sirnaomics, Ltd., the Sirnaomics, Ltd. shares would carry substantially the same rights as the Sirnaomics shares.  *Id.* ¶ 13.  Sirnaomics also represented that the Sirnaomics, Ltd. shares would be registered and publicly tradeable.  *Id.* ¶ 11.

On January 1, 2021, Plaintiffs and other shareholders executed a Share Exchange Agreement (the "Agreement") with Sirnaomics and Sirnaomics, Ltd.  *Id.* ¶ 16.  The Agreement stated that Sirnaomics, Ltd. shares would be transferred to Plaintiffs "free and clear of (other than applicable securities laws) of [sic] any limitations…."  *Id.*  In June 2022, Plaintiffs received stock certificates in Sirnaomics, Ltd., which stated that the shares "HAVE NOT BEEN REGISTERED UNDER APPLICABLE SECURITIES LAWS" and "MAY NOT BE SOLD, PLEDGED, OR TRANSFERRED IN ABSENCE OF REGISTRATION UNDER SUCH LAWS OR A VALID EXEMPTION FROM THE REGISTRATION…."  *Id.* ¶ 22.  Plaintiffs' previous shares in Sirnaomics were not similarly restricted.  *Id.* ¶ 23.  Defendants allegedly rejected Plaintiffs' demand for shares without such restrictions.  *Id.* ¶ 25.

On August 26, 2022, Plaintiffs filed suit in the Circuit Court for Montgomery County, Maryland, alleging common law breach of contract and fraudulent inducement arising from the Agreement.  Plaintiffs aver that Defendants' failure to issue unrestricted shares in Sirnaomics, Ltd. contravened both the Agreement and Defendants' pre-contractual representations.  *Id.* ¶¶ 29–45.

Defendants timely noted removal based on this Court's purported federal question jurisdiction.  ECF No. 1; *see* 28 U.S.C. § 1331.  Thereafter, Plaintiffs sought remand which Defendants opposed.  ECF Nos. 15 & 17.  Defendants separately moved to dismiss the Complaint for insufficient service of process and failure to state a claim.  ECF No. 18.  Because this Court lacks subject matter jurisdiction, the matter must be remanded and the motion to dismiss will be denied in part as moot.

## II.    Standard of Review

State court actions that originally could have been brought in federal court may be

removed pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where a cause of

action arises "under the Constitution, laws, or treaties of the United States," this Court retains

federal question jurisdiction. 28 U.S.C. § 1331. The defendant as the removing party bears the

burden of demonstrating the propriety of this Court's jurisdiction, *Strawn v. AT & T Mobility,*

*LLC*, 530 F.3d 293, 296 (4th Cir. 2008), and the Court must resolve all doubts about jurisdiction

in favor of remand, *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

**III.    Analysis**

> **A.  Motion to Remand**

Defendants maintain that this Court possesses federal question jurisdiction because even

though Plaintiffs bring solely state common law claims, the claims implicate questions of federal

law arising under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("the Exchange Act").

ECF No. 1 ¶ 5. Defendants press that despite the Plaintiffs *not* having charged a violation of any

provision of the Exchange Act, the claims nonetheless "are premised on [] alleged

misrepresentations…relating to securities." ECF No. 1 ¶ 4. This alone is not sufficient to confer

federal question jurisdiction.

Generally, the plaintiff is the "master of the complaint" and can keep his case out of

federal court simply by "eschewing claims based on federal law." *Caterpillar*, 482 U.S. at 398–

99. That is precisely what Plaintiffs have done here. ECF No. 2; *cf. Kirst on Behalf of Nominal*

*Defendant Novavax, Inc. v. Erck*, No. TDC-22-0024, 2022 WL 2869742, at *2 (D. Md. July 21,

2022) (granting remand and rejecting defendants' argument that plaintiffs' state law claims were

"premised on" a violation of § 78j). They have brought state common law claims and quite

carefully avoided any allegations that Defendants violated any federal statute or law. Thus,

because Plaintiffs plead state common law claims only, the Complaint does not, on its face,

invoke federal question jurisdiction.

Defendants, in response, argue that because the "gravamen" of the claims "implicate

significant questions of federal law," federal question jurisdiction is proper.  ECF No. 17 at 3.  In

the rare instance that a state claim "necessarily turns on some construction of federal law" such

that it presents a "substantial federal question," jurisdiction may lie.  *Old Dominion Elec.*

*Cooperative v. PJM Interconnection, LLC*, 24 F.4th 271, 280 (4th Cir. 2022).[1]  To meet this

narrow exception, Defendants must show that the federal question is "(1) necessarily raised, (2)

actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

As to whether a federal question is necessarily raised in the state claims, Defendants urge

that "Regulation D" of the Securities Act of 1933 required the placement of the restrictive

language in the stock certificates.  ECF No. 17 at 6; 17 CFR § 230.502(d).  Thus, say

Defendants, they cannot be held liable for breaching the Agreement by including the language in

the stock certificate as Regulation D requires.  ECF No. 17 at 6.   But for a federal question to be

"necessarily raised," it must be implicated in a "necessary element of one of the well-pleaded

state claims."  *Burrell v. Bayer Corp.*, 918 F.3d 372, 381 (4th Cir. 2019) (quoting *Franchise Tax*

*Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983).

Plaintiffs' straightforward breach of contract and fraud claims simply turn on whether Plaintiffs

received what they had been promised; namely, unrestricted Sirnaomics, Ltd. stock.  In this

---

[1] The Court recognizes that claims "to enforce any liability or duty created by" the Exchange Act can only be brought in federal court.  15 U.S.C. § 78aa(a).  That said, where Plaintiffs have brought only state law claims, the Exchange Act's exclusive jurisdiction provision does not alter Defendants' obligation to demonstrate how the state claims arise under the Act sufficient to satisfy § 1331 jurisdiction.  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 380 (2016).

regard, the "plaintiff can get all the relief he seeks just by showing the breach of an agreement, without proving any violation of federal securities law." *Manning*, 578 U.S. at 382.

More to the point, Defendants' insistence that Regulation D required them to put the restrictions on the Sirnaomics, Ltd. stock is, at best, a defense to Plaintiffs' claims. But the mere invocation of federal law as a defense to a state common law claim does not render a federal question "necessarily raised" for purposes of § 1331 jurisdiction. *Burrell*, 918 F.3d at 381. "[E]ven if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case," the case may not be removed where the right to relief is "created entirely by state law." *Franchise Tax Bd.*, 463 U.S. at 13–14. Put simply, Defendants may try to use Regulation D to shield themselves from liability, but this alone does not trigger § 1331 jurisdiction.

Likewise, the Complaint does not raise a "substantial" issue of federal law or otherwise warrant adjudication in the federal versus state courts. *Gunn*, 568 U.S. at 258. This inquiry asks essentially whether the claim should be heard in federal rather than state court because it involves a "serious federal interest" such that there are "advantages" in hearing the case "in a federal forum." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). But any supposed advantage in a federal forum adjudicating the Regulation D defense rings hollow when considering that Maryland has enacted its own state securities laws, including its own version of Regulation D. ECF No. 17 at 2; Md. Code Regs. § 02.02.04.15. Given the overlap between the state and federal statutory schemes, the state court is "fully capable of resolving federal issues that arise in connection with the state claims before them." *Burrell*, 918 F.3d at 386; *see also Brooks v. Euclid Sys. Corp.*, 151 Md. App. 487, 509 (2003) (interpreting both Regulation D and the Maryland state law equivalent). Defendants simply have not

demonstrated a federal interest so great as to meet the substantiality requirement. Nor have

Defendants shown that state adjudication of this case would upset the "congressionally approved

balance of federal and state judicial responsibilities," given the existence of parallel state and

federal securities law regimes. *Grable*, 545 U.S. at 314. Accordingly, this action "does not fall

within the small class of cases in which state-law claims may be deemed to arise under federal

law for purposes of conferring federal jurisdiction under § 1331." *Burrell*, 918 F.3d at 388.

The motion to remand is granted.

### B.  Motion to Dismiss

The Court briefly addresses Defendants' motion to dismiss. To the extent that

Defendants challenge the vitality of the case based on Plaintiffs' lack of compliance with the

Federal Rules of Civil Procedure, the Court denies the motion as moot. ECF No. 18 at 3–9; Fed.

R. Civ. P. 4(h)(1)(A), 9(b). The Court defers adjudication on Defendants' remaining contentions

so that the state court may address them on remand.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion to remand is granted, Defendants' motion to

dismiss is denied in part as moot, and the case is remanded to the Circuit Court for Montgomery

County for all future proceedings. A separate Order follows.


12/19/2022                                            ____/S/_____
Date                                                 Paula Xinis
                                                     United States District Judge